IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-86-FL

| | | |
|---|---|---|
| MARCOS BENITEZ GONZALEZ, ISAAC GONZALEZ HERNANDEZ, VICTORINO FELIX ANTONIO, JUAN JAVIER VARELA CUELLAR, RUBEN DOMINGUEZ ANTONIO, RIGOBERTO CARTERAS JARDON, JORGE BAUTISTA SABINO, EMMANUEL CRUZ RIVERA, CELSO GONZALEZ TREJO, ERIC JACINTO WENCES VASQUEZ, MARTIN NELSON WENCES VASQUEZ, PORFIRIO BAUTISTA CRUZ, ALEJANDRO DE LA CRUZ MEDINA, JOSE ESTEBAN HERNANDEZ CRUZ, SIXTO HERNANDEZ BUENO, VIRGINIO ANGELES GONZALEZ, TIBURCIO ANTONIO MANUEL, and HUMBERTO ANTONIO HERNANDEZ, on behalf of themselves and all other similarly situated persons, Plaintiffs, v. O. J. SMITH FARMS, INC.; BOSEMAN FARMS, INC.; GREENLEAF NURSERY CO.; SBHLP, INC.; JEAN J BOSEMAN; JOEL M. BOSEMAN; PEYTON G. MCDANIEL; SANDRA W. MCDANIEL; SALVADOR BARAJAS, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

This matter comes before the court on joint motions for preliminary approval of class action settlement (DE 58), to certify class (DE 60), and to approve notice (DE 62) filed by plaintiffs and

defendants Jean J. Boseman, Joel M. Boseman, and Boseman Farms, Inc. (collectively, "Boseman Farms").[1] The motions are unopposed and ripe for ruling. For the following reasons, the court grants each motion on the terms set forth herein.

A.   Motion for Preliminary Approval

Upon review of the instant motion for preliminary approval of class action settlement ("motion for preliminary approval"), executed settlement agreement and release ("settlement agreement"), the supporting declaration of Robert Willis ("Willis"), and the proposed stipulated order, the court finds that the proposed settlement terms are fair, adequate and within the range of reasonableness for preliminary approval under Federal Rule of Civil Procedure 23(e). Therefore, the instant motion is GRANTED, and the court preliminary approves the settlement agreement attached as Exhibit 2 to the motion for preliminary approval.

The court notes, however, for future reference, that the settlement agreement contains multiple typos and scrivener's errors that appear to be result of scanning or transcription error, particularly in the signature blocks. While these errors do not invalidate the agreement, the court flags the issue for the settling parties, and DIRECTS them to correct any errors in the settlement agreement paperwork before the date of the court's fairness hearing as discussed further herein, or to show cause prior to the fairness hearing why such errors do not require correction for final approval of the settlement. In addition, as discussed further below with respect to approval of the

---

[1]   Additional motions pending in this case are not yet ripe for ruling, comprising plaintiffs' motion to dismiss cross claims of Sandra W. McDaniel, Peyton G. McDaniel, O.J. Smith Farms, Inc. (collectively, "Smith Farms") (DE 66); plaintiffs motion for leave to file third amended complaint (DE 69); and Smith Farms defendants' motion for extension of time to respond (DE 74). Also noted on the docket are a notice of settlement between plaintiffs and defendant Greenleaf Nursery Co. ("Greenleaf") (DE 68), and notice of settlement between plaintiffs and Smith Farms defendants (DE 72), wherein it is noted that motions to approve settlement are forthcoming. These motions and settlements will be addressed by separate order.

2

parties' proposed notice, the court SETS this matter for fairness hearing on **January 29, 2021, at 10:30 a.m.**

B.      Motion to Certify Class

Upon review of the instant motion to certify class and the proposed stipulated order, the court finds good cause for certification. As the court's reasons for this determination, the court adopts and incorporates herein the substance of the parties' proposed stipulated order, with some alterations in legal citations, as follows.

Plaintiffs filed their complaint against defendants[2] on March 9, 2020 alleging claims for relief under three legal theories. In the complaint,[3] plaintiffs allege three separate classes under the North Carolina Wage and Hour Act ("NCWHA"). (DE 1, ¶¶ 76-83). Plaintiffs allege that defendants failed to pay them all wages when due (1) for the first or last week of the workweek due to de facto wage deductions for travel and other inbound and outbound expenses, (DE 1, ¶ 77(a)), (2) for travel time between fields where work was being performed (DE 1, ¶ 77(b)) and (3) for weeks where workers were paid $12/hour in cash (DE 1, ¶ 77(c)).

Second, plaintiffs other than Tiburcio Antonio Manuel (for 2018 and 2019) and Victorino Felix Antonio (for 2018) allege an Agricultural Worker Protection Act ("AWPA") class action based upon the defendants' alleged violation of a series of AWPA statutory rights, including, but not limited to using a driver without valid license, failing to pay wages when due, alleged violations of the NCWHA, failing to provide wage statements containing all required information, failing to make or keep accurate payroll records, and providing false or misleading information to plaintiffs

---

[2]     Hereinafter, all references to "defendants" are to the Boseman defendants, unless otherwise specified.

[3]     Plaintiffs have since filed an Amended Complaint (DE 48) and Second Amended Complaint (DE 55). However, the parties stipulate that the substantive allegations against the Boseman defendants remain the same as those alleged in the Complaint (DE 1).

3

as to the correct rate of pay they were supposed to receive. (DE 1, ¶¶ 91-97). Last, plaintiffs allege a FLSA collective action. Plaintiffs allege that workers were not paid the minimum wage due to de facto deductions for travel expenses. (DE 1, ¶¶ 84-90). Defendants denied the claims against them and asserted various affirmative defenses. Plaintiffs and defendants have negotiated a settlement agreement in this action which includes relief on a class wide basis for the Plaintiffs' claims under the NCWHA and AWPA. For settlement purposes only, defendants consent to and join in the instant motion to certify class pursuant to the settlement agreement reached between the parties, which is the result of compromise to resolve the disputes between them and does not constitute an admission of any liability to any party. (DE 58-2).

Accordingly, pursuant to the settlement agreement, the parties now seek to certify two classes. First, the parties move the court, pursuant to Federal Rule of Civil Procedure 23, to certify a AWPA class represented by all plaintiffs other than Tiburcio Antonio Manuel (for 2018 and 2019) and Victorino Felix Antonio (for 2018) defined as follows:

> All migrant or seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by Boseman Farms, Joel M. Boseman and/or Jean J. Boseman on the other to perform temporary or seasonal work in agriculture that was off their H-2A contract with SBHLP, Inc. in 2018 and/or 2019.

Second, the parties move the Court, pursuant to Federal Rule of Civil Procedure 23, to certify a NCWHA class represented by all Plaintiffs defined as follows:

All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by Boseman Farms, Joel M. Boseman and/or Jean J. Boseman on the other who were not paid all wages when due on their regular payday at any time in 2018 and/or 2019.

4

When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement. There is a strong judicial policy in favor of settlement. The parties seeking class certification must still meet the four prerequisites of Federal Rules of Civil Procedure 23(a)(1) through (4) and then must establish that they constitute a proper class of at least one of the types delineated in Rules 23(b)(1) through (3). However, in those cases, courts do not need to inquire whether the class will be manageable at trial because the settlement makes a trial unnecessary. Anchem Products v. Windsor, 521 U.S. 591, 620 (1997).

As detailed below, plaintiffs' complaint and the information submitted in support of the instant motion to certify class are sufficient to satisfy the requirements of Rule 23(a) and establish that the classes plaintiffs seek to represent qualify under Rule 23(b)(3).

1. Plaintiff's representation of class

The court must make two initial determinations before determining whether to certify a class action: that a precisely defined class exists and that the class representative is a member of the proposed. Haywood v. Barnes, 109 F.R.D. 568, 576 (E.D.N.C. 1986).

The first class is a class represented by all Plaintiffs other than Tiburcio Antonio Manuel (for 2018 and 2019) and Victorino Felix Antonio (for 2018) defined as follows:

> All migrant and seasonal agricultural workers (as the terms "migrant agricultural worker" and "seasonal agricultural worker" are defined in 29 U.S.C. §§ 1802(8) and 1802(10) and 29 C.F.R. §§ 500.20(p) and 500.20(r)) who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on the one hand and by Boseman Farms, Joel M. Boseman and/or Jean J. Boseman on the other to perform temporary or seasonal work in agriculture that was off their H-2A contract with SBHLP, Inc. in 2018 and/or 2019.

Each Plaintiff claims that he was a migrant agricultural worker and that he was jointly employed by SBHLP, Inc. and/or Salvador Barajas on the one hand and by Boseman Farms, Joel M. Boseman and/or Jean J. Boseman on the other to performed temporary or seasonal work in agriculture that

was off their H-2A contract with SBHLP, Inc. in 2018 and 2019. Therefore, they are all members of the AWPA Class that they seek to represent.

The second class, the NCWHA Class, is represented by Plaintiffs similarly defined as follows:

> All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by Boseman Farms, Joel M. Boseman and/or Jean J. Boseman on the other who were not paid all wages when due on their regular payday at any time in 2018 and/or 2019.

Again, each Plaintiff claims that he was an H-2A worker who was jointly employed by SBHLP, Inc. and/or Salvador Barajas and Boseman Farms, Joel M. Boseman and/or Jean J. Boseman in 2018 and 2019, and not paid all the wages he was due when they were due on his regular payday in one or both of those same years. Thus, they are members of the NCWHA Class they seek to represent. For the reasons stated above, each of the classes are sufficiently precise and Plaintiffs are members of these classes.

2. Numerosity, commonality, typicality, and adequacy

Each class also satisfies the numerosity, commonality, typicality and adequacy requirements of Rule 23(a). A class action under Rule 23 of the Federal Rules of Civil Procedure "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982) ("Falcon"). Thus, "Falcon requires the trial court to engage in an extensive factual analysis at the certification stage in order to satisfy itself that the requirements of Rule 23 have been met." Haywood, 109 F.R.D. at 575. However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974). Courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular

case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." Gunnells v. Health Plan Services, Inc., 348 F.3d 417, 424 (4th Cir. 2003).

The numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class must be based upon the particular facts of each case. See Haywood, 109 F.R.D. at 576-77 (courts have "certified classes composed of as few as eighteen . . . and twenty-five members") (citations omitted).

The overlapping proposed AWPA Class and NCWHA Class include 40-50 people. See 29 U.S.C. § 1822(a)(requiring agricultural employers to pay all wages when due to migrant agricultural workers they employ or jointly employ) and N.C. Gen. Stat. § 95-25.6 (requiring all non-exempt employers to pay all wages when due to their employees on their regular payday). Although there are a sufficient number of putative class members to establish numerosity, this Court's analysis is not limited to numbers alone. Here, the presumption of numerosity also stands because joinder of all members of the class is all but impossible. Where, as in this case, class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers, such additional factors make joinder impracticable. See, e.g., Gaxiola v. Williams Seafood of Arapahoe, Inc., 776 F.Supp.2d 117, 130 (EDNC 2011). Furthermore, Plaintiffs contend that the named plaintiffs and members of the AWPA Class and NCWHA Classes are economically disadvantaged, making individual suits difficult to pursue. Because the number of class members is sufficient and the circumstances do not make joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

Under the "commonality" requirements of Rule 23(a)(2) of the Federal Rules of Civil Procedure at least one common question of law or fact must exist among class members. See Haywood, 109 F.R.D. at 577-78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members. "Indeed, a single common question is sufficient to satisfy the rule." Id. at 577.

For the AWPA Class, the common questions of law or fact include, among others:

- Were SBHLP and Defendants joint employers of the Plaintiffs and the putative class members?
- Were the Plaintiffs working as migrant agricultural workers under the AWPA when they were jointly employed to work "off contract" for SBHLP and the Defendants?
- Did Defendants properly transport certain Plaintiffs to and from the fields where they worked?
- Did Defendants pay wages when due?
- Did Defendants make, keep and preserve accurate payroll records?
- Did Defendants provide false or misleading information to Plaintiffs? (See DE 1, ¶¶ 92(a) – (n); 94(a) – (c).)

For the NCWHA Class, the common questions or law or fact include:

- Were SBHLP and Defendants joint employers of the plaintiffs and the putative class members?
- Did Defendants compensate Plaintiffs and other class members at the FLSA minimum rate?
- Did Defendants compensate Plaintiffs and other class members at the AEWR rate? (See DE 1, ¶ 79(a) – (d)).

8

Therefore, the commonality requirement is satisfied.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defense of the class. Haywood, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." Id. "(T)he requirements of commonality and typicality tend to merge" in that "(b)oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Falcon, 457 U.S. at 157 n. 13. The typicality requirement does not require that all of the putative class members share identical claims. Rodger v. Electronic Data Systems Corp, 160 F.R.D. 532, 538 (E.D.N.C. 1995). ("A court may determine that the typicality requirement is satisfied even when the plaintiffs' claims and the claims of the class members are not identical"). The prerequisite is only that Plaintiffs' claims be common, and "class representatives must not have an interest that is antagonistic to that of the class members." Id.

The allegations in Plaintiffs' Complaint meet the requirements of Rule 23(a)(3) with respect to each of the Classes. The named Plaintiffs' claims and the claims of the respective Class members arise from the same practices and course of conduct by Defendants. The named Plaintiffs and the members of the proposed Classes were all employees of SBHLP, Inc. and/or Salvador Barajas and allegedly performed "off contract" work for Boseman Farms, Joel M. Boseman and/or Jean J. Boseman in 2018 and/or 2019 that was not a part of their H-2A contract with SBHLP, Inc. The claims of the named Plaintiffs and the proposed class members are also based on the same

9

legal theories. Therefore, the named Plaintiffs have established that their claims under the AWPA and the NCWHA are "typical" of the claims of the classes each seeks to represent.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class' claims and (2) that legal counsel is qualified, experienced and generally able to conduct the litigation. Rodger, 160 F.R.D. at 539; see Haywood, 109 F.R.D. at 578. Each of the named Plaintiffs meets these requirements with respect to the proposed AWPA Class and the NCWHA Classes. Here, as in Haywood, the named Plaintiffs have a common interest with class members in the litigation, possess a personal financial stake in the outcome, consulted regularly with Class Counsel. See id.; see Willis Decl. (DE 58-3) at 2-5 (¶¶4- 8, 11, and 14-15). The named Plaintiffs each understood their obligation as class representative in the event that the Court certified this as a class action with respect to AWPA claims and/or the NCWHA claims. See DE 58-3 at 5 (¶¶14-15). In addition, under the arrangement between named plaintiffs and their counsel, all expenses incident to class certification can be advanced to the named plaintiffs by counsel for the plaintiffs, with the named plaintiffs remaining ultimately liable for such costs in the event that the court rejects either the settlement agreement or plaintiffs request and motion that the expenses involved in providing notice to the class be paid for by the defendants. DE 58-3 at 2-3 (¶¶2-3); see Haywood, 109 F.R.D. at 580 (approving such a cost advance arrangement).

Lastly, Willis, counsel for the named plaintiffs, is an experienced attorney who has previously served as counsel in numerous class action lawsuits, including litigation involving identical claims to whose asserted in the instant case. DE 58-3 at 5-8 (¶¶16-20).

### 3. Common issues predominate

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of dealing with the dispute. The factors used to make this determination are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Rule 23(b)(3), Fed. R. Civ. P.; see Haywood, 109 F.R.D. at 580-84, and 592-93. The proposed Classes satisfies the requirements of (b)(3) for the reasons stated in the memorandum of law submitted in support of the Motion, (DE 62), as to Rule 23(a). Based on the allegations in the complaint, certification of the AWPA Class and the NCWHA Class is appropriate under Rule 23(b)(3). The legal and factual issues described in paragraphs ¶¶ 92(a) – (n), 94(a) – (c), and 79(a) – (d) of the Complaint predominate over any individual issues of law and fact for any class member.

Class treatment of the legal issues identified in this case would also be superior to other procedures for the handling of the claims in question for a number of reasons. No member of the AWPA Class or the NCWHA Class has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. Additionally, because of the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this litigation on an individual basis.

In addition, no other litigation concerning this matter and filed by any of the parties involved in the present action is currently pending. Plaintiffs and defendants' counsel are not aware

of any other litigation pending against defendants besides this action. Furthermore, this Court has a substantial interest in the resolution of the issues raised in this litigation occurring in one forum.

Therefore, for the foregoing reasons, the parties' motion to certify class is GRANTED.

C. Motion to Approve Notice

In support of their joint motion to approve notice to class action members and to approve method for distributing notice ("motion to approve notice"), plaintiffs and defendants have filed a stipulated notice ("proposed notice") and method of distribution (See DE 62-2) . The proposed notice and method of distribution for that notice are consistent with that previously approved for use in other similar wage actions before the federal courts of this state. See Haywood, 109 F.R.D. at 568. They also appear to be reasonably calculated to provide the best notice practicable under the circumstances of this case.

The proposed notice is both a neutral and comprehensive document that fairly apprises the plaintiff class members of (i) the pendency of the class action, (ii) the substance of the litigation, (iii) the reasons for compromising the claims, (iv) the terms of the proposed settlement, and (v) the opportunity to withdraw. The proposed notice also provides the plaintiff class members with an opportunity to obtain any necessary further information, and apprises them of their right to object to the settlement, the objection deadline, and the date of the fairness hearing on this court's final approval, if any, of the settlement agreement.

The court therefore GRANTS the motion to approve notice, and formally approves the content of the notice attached to the motion to approve notice, as well as the method of distribution for the notices to class action members set out in the motion to approve notice. The proposed notice shall be distributed to the members of the class previously certified by this court within 30 days of the date of this order. Where the notice contemplates an opt-in period of 30 days thereafter, the

court sets the fairness hearing to take place more than 60 days from the date of this order, at the next available term of court, on **January 29, 2021, at 10:30 a.m.** In addition, where there are additional settlement agreements noticed in this case, involving the Greenleaf and Smith Farms defendants, in the event the parties anticipate efficiencies flowing from having a unified fairness hearing in this case, the court DIRECTS the parties to file a notice specifying three alternative dates for a unified fairness hearing, within 45 days of the date of this order.

SO ORDERED, this the 26th day of October, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge