UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:20-cv-00086-FL

MARCOS BENITEZ GONZALEZ, ISAAC )
GONZALEZ HERNANDEZ, VICTORINO )
FELIX ANTONIO, JUAN JAVIER VARELA )
CUELLAR, RUBEN DOMINGUEZ )
ANTONIO, RIGOBERTO CARTERAS )
JARDON, JORGE BAUTISTA SABINO, )
EMMANUEL CRUZ RIVERA, CELSO )
GONZALEZ TREJO, ERIC JACINTO )
WENCES VASQUEZ, MARTIN NELSON )
WENCES VASQUEZ, PORFIRIO )
BAUTISTA CRUZ, ALEJANDRO DE LA )
CRUZ MEDINA, JOSE ESTEBAN )
HERNANDEZ CRUZ, SIXTO HERNANDEZ )
BUENO, VIRGINIO ANGELES )
GONZALEZ, TIBURCIO ANTONIO )
MANUEL, and HUMBERTO ANTONIO )
HERNANDEZ, on behalf of themselves and )
all other similarly situated persons, )
                             Plaintiffs, )
                                    )
                      v. )
                                    )
O.J. SMITH FARMS, INC., BOSEMAN )
FARMS, INC., GREENLEAF NURSERY )
CO., SBHLP, INC., JOEL M. BOSEMAN, )
JEAN J. BOSEMAN, PEYTON G. )
MCDANIEL, SANDRA W. MCDANIEL, and )
SALVADOR BARAJAS, )
                             Defendants. )

**ORDER APPROVING COMBINED FLSA AND NCWHA CLAIM AGAINST
GREENLEAF NURSERY FOR CLASS ACTION CERTIFICATION UNDER
RULE 23(b)(3) AND FLSA CERTIFICATION UNDER 29 U.S.C. §216(b)**

This matter is before the Court on the joint motion by Plaintiffs Victorino Felix Antonio, Tiburcio Antonio Manuel, and Humberto Antonio Hernandez (collectively "the three Plaintiffs") and defendant Greenleaf Nursery Co. (hereinafter referred to as "Greenleaf") for an order certifying a combined and overlapping Fair Labor Standards Act ("FLSA") collective and North Carolina Wage and Hour Act ("NCHWA") class action and a second separate NCWHA class action pursuant to 29 U.S.C. § 216(b) and Rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement between the three Plaintiffs and Defendant. [DE 55, ¶¶ 15, 59, 61-64, 67-69, 77(a)(1) and 84-90, and ¶¶ 14-15A, 69C, 69D, and 77(d)(2)]. The three Plaintiffs filed their Second Amended Complaint on September 2, 2020 alleging claims for class and collective action relief against Greenleaf under two different legal theories. *See* DE 55 at 44-45 (¶¶77(a)(1), 77(d)(2)), and at 48-50 (¶¶84-90). For purposes of settlement, the three plaintiffs and defendant Greenleaf seek class certification and conditional certification of the overlapping collective action claim under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and N.C.Gen.Stat. § 95-25.6 of the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. § 95-25.1 et seq. For purposes of settlement, they also seek class certification of the NCWHA claim they alleged in ¶¶69C, 69D, 77(d)(2), and 101-106 of the Second Amended Complaint (DE 55 at 40, 45, and 54-57).

In the Second Amended Complaint, Plaintiffs Victorino Felix Antonio, Tiburcio Antonio Manuel, and Humberto Antonio Hernandez (collectively the "three Plaintiffs") allege an overlapping class under the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. § 95-25.1 et seq. and a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. DE 55, ¶¶ 14-15A, 59, 61-64, 67-69, 77(a)(1), and 78, 79(b)-(c), and 80-90). As part of that overlapping claim, plaintiff Victorino Felix Antonio alleged that

Greenleaf and defaulted defendants Salvador Barajas and SBHLP, Inc. failed to pay him and the H-2A workers he seeks to represent all promised wages when due at the higher minimum rate required by N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(2)[1] and the lower minimum rate required by the FLSA (1) for the first or last week of the workweek due to *de facto* wage deductions for travel and other inbound and outbound expenses paid by them during the 2018 and 2019 seasons when they were allegedly jointly employed by those same defaulted defendants and defendant Greenleaf in North Carolina. [DE 55, ¶¶ 15, 59, 61-64, 67-69, 77(a)(1), and 78, 79(b)-(c), and 80-90]. The three Plaintiffs also alleged a second, independent claim for weekly *de facto* wage deductions throughout the 2018 season based upon their required kickback payment for overpriced food supplied by SBHLP, Inc. in violation of the price limitations set by the H-2A program. [DE 55, ¶¶ 14-15A, 69C, 69D, 77(d)(2), and 78, 79(e), and 80-83].

Greenleaf Nursery Co. strongly denies it engaged in any unlawful conduct. Greenleaf asserts that it properly paid for all labor services by H-2A workers employed by SBHLP in 2018 and 2019. Greenleaf further asserts it has and had during in 2018 and 2019 lawful wage and hour policies, practices, and procedures. Greenleaf has strongly denied, and continues to deny, Plaintiffs' factual and legal allegations including that it ever was the employer of or jointly employed any of the three Plaintiffs or the H-2A workers provided by SBHLP.

The three Plaintiffs and defendant Greenleaf have negotiated a settlement agreement in this action which includes relief on a class wide basis for the combined FLSA/NCWHA collective action and class claim[2] and the separate NCWHA class claim under the NCWHA. For

---

[1] *See* DE 55-3 at 4 (promised wages in 2019 H-2A job order contract at adverse effect wage rate ("AEWR") of 12.25/hour in 2019 while FLSA minimum was only $7.25/hour), 13 NCAC § 12.0803 (definition of "promised wages" under the NCWHA).
[2] Because of the identity of all material statutory and regulatory terms involved in the Plaintiffs' NCWHA and FLSA claims that are based upon *de facto* wage deductions for travel and other inbound and outbound expenses, and the combined effect of N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(2) and the promised wages required by the adverse effect wage rate (AEWR) under the H-2A regulations and contained in the H-2A job order contracts, the putative

3

settlement purposes only, Defendant Greenleaf consents to and joins in the Joint Motion for Class Certification under Rule 23(b)(3) ("Joint Motion") pursuant to the Settlement Agreement reached between the parties, which is the result of compromise to resolve the disputes between them and does not constitute an admission of any liability to any party. [DE 87].

Accordingly, pursuant to the Settlement Agreement, the parties now seek to certify two classes. First, the parties move the Court, pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23(b)(3), to certify and conditionally certify a combined NCWHA class and FLSA collective action represented by Plaintiffs Victorino Felix Antonio defined as follows:

> All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by Greenleaf Nursery Co. on the other who were not paid all wages when due at the wage rate required by the FLSA on their first or last regular paydays at any time in 2018 and/or 2019 due to *de facto* wage deductions for travel and other inbound and outbound expenses, [DE 55, ¶ 77(a)(1)].

Second, the parties move the Court, pursuant to Federal Rule of Civil Procedure 23(b)(3), to certify a NCWHA class represented by Plaintiffs Victorino Felix Antonio, Humberto Antonio Hernandez, and Tiburcio Antonio Manuel defined as follows:

> All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by defendant Greenleaf Nursery Co. on the other who were not paid all wages when due on their regular payday at any time in 2018 due to *de facto* wage deductions for overpriced food. [DE 55, ¶ 77(d)(2)].

.
## I. CLASS CERTIFICATION MOTION

---

members of the FLSA collective action are totally subsumed within the actual members of the first NCWHA class. *Compare Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F.Supp.2d 117, 132 (E.D.N.C. 2011), *with Garcia v. Frog Island Seafood, Inc.*, 644 F.Supp.2d 696, 707 (E.D.N.C. 2009). *See also* DE 55-1 at 4, DE55-2 at 4, DE 55-3 at 4, and DE 55-4 at 5 (promised wages AEWR of $11.46/hour and $12.25/hour in 2018 and 2019 while FLSA minimum was only $7.25/hour).

When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement. *Covarrubias v. Capt. Charlie's Seafood, Inc.,* No. 2:10–CV–10–F, 2011 WL 2690531, *2 (E.D.N.C., July 06, 2011) ("*Covarrubias*"). There is a strong judicial policy in favor of settlement. *See Bennett v. Behring Corp*., 737 F. 2d 982, 986 (11th Cir. 1984). The parties seeking class certification must still meet the four prerequisites of Federal Rules of Civil Procedure 23(a)(1) through (4) and then must establish that they constitute a proper class of at least one of the types delineated in Rules 23(b)(1) through (3). However, in those cases, courts do not need to inquire whether the class will be manageable at trial because the settlement makes a trial unnecessary. *Anchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

As detailed below, Plaintiffs' Second Amended Complaint and the information submitted in support of the Joint Motion are sufficient to satisfy the requirements of Rule 23(a) and establish that the classes that Plaintiffs Victorino Felix Antonio, Humberto Antonio Hernandez, and Tiburcio Antonio Manuel seek to represent qualify under Rule 23(b)(3).

### A. The specified named plaintiffs are members of and have precisely defined the classes they seek to represent.

The court must make two initial determinations before determining whether to certify a class action: that a precisely defined class exists and that the class representative is a member of the proposed. *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986).

The first class is both a FLSA conditional class and a NCWHA Rule 23(b)(3) class represented by Plaintiff Victorino Felix Antonio defined as follows:

> All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by Greenleaf Nursery Co. on the other who were not paid all wages when due at the wage rate required by the FLSA on their first or last regular paydays at any time in 2018 and/or 2019 due to *de*

5

> *facto* wage deductions for travel and other inbound and outbound expenses, [DE 55, ¶ 77(a)(1)].

In ¶¶14-15A, 59, 61-64, 67-69, 77(a)(1), and 78, 79(b)-(c), and 80-90 of the Second Amended Complaint, plaintiff Felix Antonio claims that he was an H-2A worker and that he was jointly employed by SBHLP, Inc. and/or Salvador Barajas on the one hand and by Greenleaf Nursery Co. on the other to performed temporary or seasonal work in agriculture, and that he and other H-2A workers furnished to Greenleaf in both 2018 and 2019 were not paid all wages when due at the wage rate required by the FLSA on their first or last regular paydays at any time in 2018 and/or 2019 due to *de facto* wage deductions for travel and other inbound and outbound expenses. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F.Supp.2d 117, 132 (E.D.N.C. 2011); and *Garcia v. Frog Island Seafood, Inc.*, 644 F.Supp.2d 696, 707 (E.D.N.C. 2009). Therefore, they are all members of the combined FLSA/NCWHA Class that plaintiff Victorino Felix Antonio seeks to represent.

The second class, a second NCWHA Class, is represented by Plaintiffs Victorino Felix Antonio, Humberto Antonio Hernandez, and Tiburcio Antonio Manuel and is similarly defined as follows:

> All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by defendant Greenleaf Nursery Co. on the other who were not paid all wages when due on their regular payday at any time in 2018 due to *de facto* wage deductions for overpriced food. [DE 55, ¶ 77(d)(2)].

Again, in ¶¶14-15A, 69C, 69D, 77(d)(2), and 78, 79(e), and 80-83 of the Second Amended Complaint each the three Plaintiffs claims that he was an H-2A worker who was jointly employed by SBHLP, Inc. and/or Salvador Barajas and Greenleaf in 2018, and not paid all the wages he was due when they were due on his regular payday in 2018 due to *de facto* wage

deductions for overpriced food. Thus, they are members of the NCWHA Class they seek to represent.

For the reasons stated above, each of the classes are sufficiently precise and Plaintiffs are members of these classes. *Haywood*, 109 F.R.D. at 576.

**B.      Each class satisfies the numerosity, commonality, typicality and   adequacy requirements of Rule 23(a).**

A class action under Rule 23 of the Federal Rules of Civil Procedure "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982) ("*Falcon*"). Thus, "*Falcon* requires the trial court to engage in an extensive factual analysis at the certification stage in order to satisfy itself that the requirements of Rule 23 have been met." *Haywood*, 109 F.R.D. at 575. However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *see also Covarrubias.*, 2011 W 2690531, *3.

Courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Health Plan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (citing *In re A.H. Robins,* 880 F.2d 709, 740) (4th Cir. 1989), *cert. den., Anderson v. Aetna Cas. and Sur. Co.*, 493 U.S. 959 (1989)), *cert. den., Healthplan Services, Inc. v. Gunnells*, 542 U.S. 915  (2004); *see also Kidwell v. Transportation Communications International Union*, 946 F.2d 283, 305 (4th Cir. 1991), *cert. den.*, 503 U.S. 1005 (1992)  ("[t]rend is to give Rule 23 a liberal construction."); *Rodger v. Electronic Data Systems Corp*, 160 F.R.D. 532, 535 (E.D.N.C. 1995).

**1.      The FLSA/NCWHA Collective and Class Action and NCWHA Class**

7

**are sufficiently numerous and joinder is impracticable.**

The numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class must be based upon the particular facts of each case. *See Haywood*, 109 F.R.D. at 576-77 (courts have "certified classes composed of as few as eighteen… and twenty-five members") (citations omitted).

The overlapping proposed FLSA/NCWHA Collective and Class Action and NCWHA Class both include approximately 80 people. *See* 29 U.S.C. § § 206(a) (requiring covered employers to pay wages at the minimum rate of $7.25/hour they employ or jointly employ) and N.C. Gen. Stat. § 95-25.6 (requiring all non-exempt employers to pay all wages when due to their employees on their regular payday). Although there are a sufficient number of putative class members to establish numerosity, this Court's analysis should not be limited to numbers alone. *See Rodger*, 160 F.R.D. at 536-537. Here, the presumption of numerosity should also stand because joinder of all members of the class is all but impossible. Where, as in this case, class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers, courts have found that such additional factors make joinder impracticable. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.,* 776 F.Supp.2d 117, 130 (EDNC 2011); *Covarrubias*, 2011 WL 2690531 at 4; *Rodriguez v. Berrybrook Farms, Inc.,* 672 F. Supp. 1009, 1013-1014 (W.D. Mich. 1987)*; Leyva v. Buley,* 125 F.R.D. 512, 515 (E.D. Wash. 1989).

Furthermore, the three Plaintiffs contend that the named Plaintiffs and members of the FLSA/NCWHA Collective and Class Action and the NCWHA Class are "economically disadvantaged, making individual suits difficult to pursue." *Robidoux v. Celani*, 987 F.2d 931, 936

(2d Cir. 1993). Because the number of class members is sufficient and the circumstances do not make joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

### 2. There are common questions of law and fact.

Under the "commonality" requirements of Rule 23(a)(2) of the Federal Rules of Civil Procedure at least one common question of law or fact must exist among class members. *See Haywood*, 109 F.R.D. at 577-78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members, but only that "a single common question . . . exist." *Rodger*, 160 F.R.D. at 537. "Indeed, a single common question is sufficient to satisfy the rule." *Haywood*, 109 F.R.D. at 577. In *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, the named Plaintiff was a crab picker and alleged that she was not paid minimum wage for all hours worked in violation of the FLSA and that defendants violated NCWHA by making unauthorized deductions from her pay for transportation, visa and border crossing expenses. 776 F. Supp. 2d 117 (E.D.N.C. 2011). However, the Court found there were common issues of law and fact between the Plaintiffs and the dock workers related to payment of visa and transportation costs such that commonality existed. *Id.* at 131-32 (E.D.N.C. 2011) (certifying a class finding while the "case presents some factual differences among the putative class members, including differences in the specific costs borne by the workers and the manner in which those costs were paid" all of the claims are based on the same legal theory—that workers were not paid all of the promised wages when due); *see also*, *Haywood*, 109 F.R.D. at 577 (holding that "class certification will not be defeated solely because there are some factual variations among the members' grievances").

For the NCWHA Class based upon *de facto* wage deductions for overpriced food, the common questions of law or fact include, among others:

- Were SBHLP and Defendants joint employers of the Plaintiffs and the putative class members?

9

- Did Defendants make de facto wage deductions for overpriced food?

- Did Defendants pay wages when due?

[DE 55, ¶¶ 69A, 69C, 69D, 77(d)(2), and 79(e).]

For the FLSA/NCWHA Collective Action and Class, the common questions or law or fact include:

- Were SBHLP and Defendants joint employers of the plaintiffs and the putative class members?

- Did Defendants make the *de facto* wage deductions for inbound and outbound expenses that were an incident of and necessary to the employment of the Plaintiffs and the H-2A workers that they seek to represent?

- Did Defendants compensate Plaintiffs and other class members at the FLSA minimum rate?

- Did Defendants compensate Plaintiffs and other class members at the AEWR rate?

*See* [DE 55, ¶¶ 77(a)(1), 79(b), 79(c), and 87-88].

Therefore, the commonality requirement is satisfied.

### 3. The claims of the specified named Plaintiffs are typical of and similarly situated to those of the FLSA collective action and classes.

Rule 23(a)(3) require that the claims or defenses of the representative parties are typical of the claims or defense of the class. *Haywood*, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." *Id*. "[T]he requirements of commonality and typicality tend to merge" in that "[b]oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n. 13. The typicality requirement does not require that all of the putative class members share identical claims. *Rodger*,

160 F.R.D. at 538 ("A court may determine that the typicality requirement is satisfied even when the plaintiffs' claims and the claims of the class members are not identical"). The prerequisite is only that Plaintiffs' claims be common, and "class representatives must not have an interest that is antagonistic to that of the class members." *Id*.

For the FLSA's certification requirement of "similarly situated", the Court held in *De Jesus De Luna-Guerrero v. NCGA*, 338 F.Supp.2d 649, 653-55 (E.D.N.C. 2004), that the:

> ". . . plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination."

*Id.* (quoting Kearns, *The Fair Labor Standards Act,* § 18.IV.D.3).

The allegations in Plaintiffs' Complaint meet the requirements of Rule 23(a)(3) with respect to each of the Classes and the similarly situated requirement of 29 U.S.C. § 216(b). The named Plaintiffs' claims and the claims of the respective Class and Collective Action members arise from the same practices and course of conduct by SBHLP and Defendant Greenleaf. The named Plaintiffs and the members of the proposed Classes were all employees of SBHLP, Inc. and/or Salvador Barajas and allegedly suffered the de facto wage deductions that are detailed in the Second Amended Complaint during their alleged joint employment by Greenleaf and SBHLP in 2018 and/or 2019. The claims of the named Plaintiffs and the proposed class members are also based on the same legal theories. Therefore, the named Plaintiffs have established that their claims under the NCWHA are "typical" of and 'similarly situated to" the claims of the classes and FLSA collective action members they each seek to represent.

### 4. The named plaintiffs are adequate representatives of the classes.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class' claims and (2) that legal counsel is qualified, experienced and generally able to conduct the litigation. *Rodger*, 160 F.R.D. at 539; s*ee also Haywood*, 109 F.R.D. at 578. Each of the named Plaintiffs meets these requirements with respect to the proposed FLSA/NCWHA Collective and Class Action and the NCWHA Class Action. Here, as in *Haywood*, the named Plaintiffs have a common interest with class members in the litigation, possess a personal financial stake in the outcome, consulted regularly with Class Counsel. *See id.;* Declaration of Robert Willis in Support of Joint Motion for Preliminary Approval of Class Action Settlement ("Willis Decl.") [DE 85-3] at 2-4, 8, and 11-12 (¶¶4-8, 21-22, 29-30). The three named Plaintiffs each understood their obligation as class representative in the event that the Court certified this as a FLSA/NCWHA collective and class action and/or with respect to NCWHA claims. *See* [DE 85-3] at 8 (¶¶21-22).

In addition, under the arrangement between the three Plaintiffs and their counsel, all expenses incident to class certification can be advanced to the three Plaintiffs by counsel for the three Plaintiffs, with the three Plaintiffs remaining ultimately liable for such costs in the event that the Court rejects either the Settlement Agreement or the three Plaintiffs request and motion that the expenses involved in providing notice to the class be paid for by the Defendants. [DE 85-3] at 2 (¶¶2-3); *see Haywood*, 109 F.R.D. at 580 (approving such a cost advance arrangement).

Lastly, Robert Willis, counsel for the three Plaintiffs, is an experienced attorney who has previously served as counsel in numerous class action lawsuits, including litigation involving identical claims to those asserted in the instant case. [DE 85-3] at 8-11 (¶¶23-28); *see also Covarrubias*. 2011 WL 2690531 at *7.

12
Case 5:20-cv-00086-FL    Document 93    Filed 12/16/20    Page 12 of 14

### C. The Classes satisfy the requirements of Rule 23(b)(3).

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of dealing with the dispute. The factors used to make this determination are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Rule 23(b)(3), Fed. R. Civ. P. *See also Haywood*, 109 F.R.D. at 580-84, and 592-93.

The proposed combined FLSA/NCWHA Collective and Class and the second NCWHA Class both satisfy the requirements of (b)(3) for the reasons already stated above in the memorandum of law submitted in support of the Motion, [DE 88], as to Rule 23(a). *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 at 598 (2d Cir. 1986) (holding that satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality"). Based on the allegations in the Complaint, certification of the FLSA/NCHWA Collective and Class Action and the NCWHA Class is appropriate under Rule 23(b)(3). The legal and factual issues described in paragraphs ¶¶ 84-90, 79(a) – (c), and 79(e) of the Complaint (DE 55) predominate over any individual issues of law and fact for any class member.

Class treatment of the legal issues identified in this case would also be superior to other procedures for the handling of the claims in question for a number of reasons. No member of the FLSA/NCWHA Collective and Class Action or the NCWHA Class has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. "Additionally, because of the relatively small amount of the wage claims in this case, no individual class

member could have any reasonable financial capability to pursue this litigation on an individual basis." *See Gaxiola*, 776 F. Supp. 2d at 131.

In addition, no other litigation concerning this matter and filed by any of the parties involved in the present action is currently pending. Counsel for the three Plaintiffs and counsel for defendant Greenleaf are not aware of any other litigation pending against defendant Greenleaf besides this action. Furthermore, this Court has a substantial interest in the resolution of the issues raised in this litigation occurring in one forum.

## **CONCLUSION**

For the reasons set forth above, the parties Joint Motion for Class Certification under Rule 23(b)(3) and Conditional Certification under 29 U.S.C. § 216(b) is GRANTED.

This the 16th day of December, 2020.

_____
The Honorable Louise W. Flanagan
U.S. District Judge