UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:20-cv-00086-FL

| | |
|---|---|
| MARCOS BENITEZ GONZALEZ, ISAAC GONZALEZ HERNANDEZ, VICTORINO FELIX ANTONIO, JUAN JAVIER VARELA CUELLAR, RUBEN DOMINGUEZ ANTONIO, RIGOBERTO CARTERAS JARDON, JORGE BAUTISTA SABINO, EMMANUEL CRUZ RIVERA, CELSO GONZALEZ TREJO, ERIC JACINTO WENCES VASQUEZ, MARTIN NELSON WENCES VASQUEZ, PORFIRIO BAUTISTA CRUZ, ALEJANDRO DE LA CRUZ MEDINA, JOSE ESTEBAN HERNANDEZ CRUZ, SIXTO HERNANDEZ BUENO, VIRGINIO ANGELES GONZALEZ, TIBURCIO ANTONIO MANUEL, and HUMBERTO ANTONIO HERNANDEZ, on behalf of themselves and all other similarly situated persons, Plaintiffs, v. O.J. SMITH FARMS, INC., BOSEMAN FARMS, INC., GREENLEAF NURSERY CO., SBHLP, INC., JOEL M. BOSEMAN, JEAN J. BOSEMAN, PEYTON G. MCDANIEL, SANDRA W. MCDANIEL, and SALVADOR BARAJAS, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER APPROVING COMBINED CERTIFICATION UNDER RULE 23(b)(3)**

**AND 29 U.S.C. § 216(b) FOR CLASS SETTLEMENT BETWEEN PLAINTIFFS AND SMITH FARMS**

This matter is before the Court on the Joint Motion by the named Plaintiffs and defendants O. J. Smith Farms, Inc., Peyton G. McDaniel, and Sandra W. McDaniel (collectively "Smith Farms") for certification of a combined FLSA/NCWHA Collective and Class Action. Plaintiffs filed their Complaint on March 9, 2020 alleging claims for class relief under two different North Carolina Wage and Hour Act ("NCWHA") legal theories and one overlapping FLSA collective action. In the Second Amended Complaint, the named Plaintiffs allege four separate classes under the NCWHA against Smith Farms and one overlapping FLSA collective action. [DE 55, ¶¶ 14-15A, and 76-90].

In the Joint Motion, the Plaintiffs only seek an order certifying plaintiffs Tiburcio Antonio Manuel, Juan Javier Varela Cuellar, Rigoberto Carteras Jardon, Eric Jacinto Wences Vasquez, Martin Nelson Wences Vasquez, and Alejandro de la Cruz Medina as the representatives of a combined single plaintiff FLSA collective and NCWHA class action pursuant to 29 U.S.C. § 216(b) and Rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement between Plaintiffs and Smith Farms. The proposed class to be represented is composed of those H-2A workers who have overlapping claims pursuant to the North Carolina Wage and Hour Act ("NCWHA") and the Fair Labor Standards Act (FLSA) for H-2A workers furnished by defaulted defendants SBHLP, Inc. and Salvador Barajas to Smith Farms to perform agricultural work in 2019. [DE 55, ¶¶ 58, 60-64, 66, 68-69, 77(a)(3), and 84-90].

Because of the identity of all material statutory and regulatory terms involved in these overlapping NCWHA and FLSA claims that are based upon *de facto* wage deductions for travel and other inbound and outbound expenses, and the combined effect of N.C. Gen. Stat. §§ 95-25.6 and 95-25.13(2) and the promised wages required by the adverse effect wage rate (AEWR)

under the H-2A regulations and contained in the 2019 H-2A job order contracts[1], the putative members of the FLSA collective action are totally subsumed within the actual members of the NCWHA class for which certification is sought under Rule 23(b)(3). *Compare Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F.Supp.2d 117, 132 (E.D.N.C. 2011), *with Garcia v. Frog Island Seafood, Inc.*, 644 F.Supp.2d 696, 707 (E.D.N.C. 2009). The combined FLSA Collective Action and a NCWHA Rule 23(b)(3) class referred to as the "FLSA/NCWHA class", is defined as follows:

> All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by O.J. Smith Farms, Inc., Peyton G. McDaniel, and/or Sandra W. McDaniel on the other who were not paid all wages when due on their first or last regular payday in 2019 because of *de facto* wage deductions for travel and other related expenses that were an incident of and necessary to their employment in North Carolina with an H-2A visa.

DE 55, ¶¶ 58, 60-64, 66, 68-69, 77(a)(1)(3), and 84-90.

The Smith Farms Defendants denied the claims against them and asserted various affirmative defenses. The Plaintiffs and the Smith Farms Defendants have negotiated a settlement agreement in this action which includes relief on a class wide basis for the Plaintiffs' combined claims under the NCWHA and the FLSA.[2] For settlement purposes only, the Smith

---

[1] *See* DE 55-3 at 4 and DE 55-4 at 5 (promised wages in the H-2A job order contracts at the adverse effect wage rate (AEWR) of $12.25/hour in 2019 while the FLSA minimum was only $7.25/hour).

[2] Because of the identity of all material statutory and regulatory terms involved in the Plaintiffs' NCWHA and FLSA claims that are based upon *de facto* wage deductions for travel and other inbound and outbound expenses, and the combined effect of N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(2) and the promised wages required by the adverse effect wage rate (AEWR) under the H-2A regulations and contained in the H-2A job order contracts, the putative members of the FLSA collective action are totally subsumed within the actual members of the NCWHA class. *Compare Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F.Supp.2d 117, 132 (E.D.N.C. 2011), *with Garcia v. Frog Island Seafood, Inc.*, 644 F.Supp.2d 696, 707 (E.D.N.C. 2009). See also DE 55-3 at 4 and DE 55-4 at 5 (promised wages AEWR of $12.25/hour in 2019 while FLSA minimum was only $7.25/hour).

Farms Defendants consent to and join in the Joint Motion for Class Certification under Rule 23(b)(3) ("Joint Motion") pursuant to the Settlement Agreement reached between the parties, which is the result of compromise to resolve the disputes between them and does not constitute an admission of any liability to any party. [DE 96-2]. Pursuant to that Settlement Agreement, the parties now seek to certify that same combined FLSA/NCWHA collective action and class.

## I.     CLASS CERTIFICATION MOTION

When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement. *Covarrubias v. Capt. Charlie's Seafood, Inc.*, No. 2:10–CV–10–F, 2011 WL 2690531, *2 (E.D.N.C., July 06, 2011)("*Covarrubias*"). There is a strong judicial policy in favor of settlement. *See Bennett v. Behring Corp*., 737 F. 2d 982, 986 (11th Cir. 1984). The parties seeking class certification must still meet the four prerequisites of Federal Rules of Civil Procedure 23(a)(1) through (4) and then must establish that they constitute a proper class of at least one of the types delineated in Rules 23(b)(1) through (3). However, in those cases, courts do not need to inquire whether the class will be manageable at trial because the settlement makes a trial unnecessary. *Anchem Products v. Windsor*, 521 U.S. 591, 620 (1997).

As detailed below, Plaintiffs' Second Amended Complaint and the information submitted in support of the Joint Motion are sufficient to satisfy the requirements of Rule 23(a) and establish that the combined FLSA/NCWHA collective action and class that Plaintiffs Tiburcio Antonio Manuel, Juan Javier Varela Cuellar, Rigoberto Carteras Jardon, Eric Jacinto Wences Vasquez, Martin Nelson Wences Vasquez, and Alejandro de la Cruz Medina seek to represent qualify under Rule 23(b)(3).

**A.     The specified named plaintiffs are members of and have precisely defined the classes they seek to represent.**

4

The court must make two initial determinations before determining whether to certify a class action: that a precisely defined class exists and that the class representative is a member of the proposed class. *Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986).

The class for which certification is sought is both a FLSA conditional class and a Rule 23(b)(3) class represented by Plaintiffs Tiburcio Antonio Manuel, Juan Javier Varela Cuellar, Rigoberto Carteras Jardon, Eric Jacinto Wences Vasquez, Martin Nelson Wences Vasquez, and Alejandro de la Cruz Medina, and defined as follows:

> All H-2A visa workers who were allegedly jointly employed by SBHLP, Inc. and/or Salvador Barajas on one hand and by Smith Farms on the other who were not paid all wages when due at the wage rate required by the FLSA on their first or last regular paydays at any time in 2019 due to *de facto* wage deductions for travel and other inbound and outbound expenses, [DE 55, ¶ 77(a)(1)].

Plaintiffs Tiburcio Antonio Manuel, Juan Javier Varela Cuellar, Rigoberto Carteras Jardon, Eric Jacinto Wences Vasquez, Martin Nelson Wences Vasquez, and Alejandro de la Cruz Medina claim that they were all H-2A workers and that they were jointly employed by SBHLP, Inc. and/or Salvador Barajas on the one hand and by the Smith Farms Defendants on the other to performed temporary or seasonal work in agriculture, and that  they and other H-2A workers furnished to Smith Farms in 2019 were not paid all promised wages when due at the minimum rate required by the FLSA or at the higher adverse effect wage rate ("AEWR") disclosed and promised to them in their H-2A job order contract on their first or last regular paydays in 2019 due to *de facto* wage deductions for travel and other inbound and outbound expenses. *See* footnote one of this Order, *supra*.  Therefore, they are all members of the FLSA/NCWHA Class that they seek to represent.

For the reasons stated above, this combined collective action and class are sufficiently precise and Plaintiffs are members of this collective action and class. *Haywood*, 109 F.R.D. at 576.

**B.      To the Extent Required, Each Class Satisfies the Numerosity, Commonality, Typicality and Adequacy Requirements of Rule 23(a).**

A class action under Rule 23 of the Federal Rules of Civil Procedure "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982) ("*Falcon*"). Thus, "*Falcon* requires the trial court to engage in an extensive factual analysis at the certification stage in order to satisfy itself that the requirements of Rule 23 have been met." *Haywood*, 109 F.R.D. at 575. However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *see also Covarrubias*., 2011 W 2690531, *3.

Courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Health Plan Services, Inc*., 348 F.3d 417, 424 (4th Cir. 2003) (citing *In re A.H. Robins,* 880 F.2d 709, 740) (4th Cir. 1989), *cert. den., Anderson v. Aetna Cas. and Sur. Co*., 493 U.S. 959 (1989)), *cert. den., Healthplan Services, Inc. v. Gunnells*, 542 U.S. 915    (2004); *see also Kidwell v. Transportation Communications International Union*, 946 F.2d 283, 305 (4th Cir. 1991), *cert. den.*, 503 U.S. 1005 (1992)  ("[t]rend is to give Rule 23 a liberal construction."); *Rodger v. Electronic Data Systems Corp*, 160 F.R.D. 532, 535 (E.D.N.C. 1995).

**1.      The FLSA/NCWHA Collective and Class Action is sufficiently numerous and joinder is impracticable.**

The numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class must be based upon the particular facts of each case. *See Haywood*, 109 F.R.D. at 576-77 (courts have "certified classes composed of as few as eighteen… and twenty-five members") (citations omitted).

The overlapping proposed FLSA/NCWHA Collective and Class Action and NCWHA Class both include approximately 80 people. *See* 29 U.S.C. § § 206(a) (requiring covered employers to pay wages at the minimum rate of $7.25/hour they employ or jointly employ) and N.C. Gen. Stat. § 95-25.6 (requiring all non-exempt employers to pay all wages when due to their employees on their regular payday). Although there are a sufficient number of putative class members to establish numerosity, this Court's analysis should not be limited to numbers alone. *See Rodger*, 160 F.R.D. at 536-537. Here, the presumption of numerosity should also stand because joinder of all members of the class is all but impossible. Where, as in this case, class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers, courts have found that such additional factors make joinder impracticable. *See Gaxiola v. Williams Seafood of Arapahoe, Inc.,* 776 F.Supp.2d 117, 130 (EDNC 2011); *Covarrubias*, 2011 WL 2690531 at 4; *Rodriguez v. Berrybrook Farms, Inc.,* 672 F. Supp. 1009, 1013-1014 (W.D. Mich. 1987)*; Leyva v. Buley,* 125 F.R.D. 512, 515 (E.D. Wash. 1989).

Furthermore, Plaintiffs contend that the named Plaintiffs and members of the FLSA/NCWHA Collective and Class Action and the NCWHA Class are "economically disadvantaged, making individual suits difficult to pursue." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993). Because the number of class members is sufficient and the circumstances do not make joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

### 2. There are common questions of law and fact.

Under the "commonality" requirements of Rule 23(a)(2) of the Federal Rules of Civil Procedure at least one common question of law or fact must exist among class members. *See Haywood*, 109 F.R.D. at 577-78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members, but only that "a single common question . . . exist." *Rodger*, 160 F.R.D. at 537. "Indeed, a single common question is sufficient to satisfy the rule." *Haywood*, 109 F.R.D. at 577. In *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, the named Plaintiff was a crab picker and alleged that she was not paid minimum wage for all hours worked in violation of the FLSA and that defendants violated NCWHA by making unauthorized deductions from her pay for transportation, visa and border crossing expenses. 776 F. Supp. 2d 117 (E.D.N.C. 2011). However, the Court found there were common issues of law and fact between the Plaintiffs and the dock workers related to payment of visa and transportation costs such that commonality existed. *Id.* at 131-32 (E.D.N.C. 2011) (certifying a class finding while the "case presents some factual differences among the putative class members, including differences in the specific costs borne by the workers and the manner in which those costs were paid" all of the claims are based on the same legal theory—that workers were not paid all of the promised wages when due); *see also*, *Haywood*, 109 F.R.D. at 577 (holding that "class certification will not be defeated solely because there are some factual variations among the members' grievances").

For the FLSA/NCWHA Collective Action and Class, the common questions or law or fact include:

- Were SBHLP and Defendants joint employers of the plaintiffs and the putative class members?

- Did Defendants make the *de facto* wage deductions for inbound and outbound expenses that were an incident of and necessary to the employment of the Plaintiffs and the H-2A workers that they seek to represent?

8

- Did Defendants compensate Plaintiffs and other class members at the FLSA minimum rate?

- Did Defendants compensate Plaintiffs and other class members at the AEWR rate?

*See* [DE 55, ¶¶ 77(a)(1), 79(b), 79(c), and 87-88].

Therefore, the commonality requirement is satisfied.

### 3. The claims of the specified named Plaintiffs are typical of and similarly situated to those of the FLSA collective action and classes.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defense of the class. *Haywood*, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." *Id.* "[T]he requirements of commonality and typicality tend to merge" in that "[b]oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. at 157 n. 13. The typicality requirement does not require that all of the putative class members share identical claims. *Rodger*, 160 F.R.D. at 538 ("A court may determine that the typicality requirement is satisfied even when the plaintiffs' claims and the claims of the class members are not identical"). The prerequisite is only that Plaintiffs' claims be common, and "class representatives must not have an interest that is antagonistic to that of the class members." *Id.*

For the FLSA's certification requirement of "similarly situated", the Court held in *De Jesus De Luna-Guerrero v. NCGA*, 338 F.Supp.2d 649, 653-55 (E.D.N.C. 2004), that the:

". . . plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions,

9

but their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination."

*Id.* (quoting Kearns, *The Fair Labor Standards Act,* § 18.IV.D.3).

The allegations in Plaintiffs' Complaint meet the requirements of Rule 23(a)(3) with respect to each of the Classes and the similarly situated requirement of 29 U.S.C. § 216(b). The named Plaintiffs' claims and the claims of the respective Class and Collective Action members arise from the same practices and course of conduct by SBHLP and the Smith Farms Defendants. The named Plaintiffs and the members of the proposed combined FLSA/NCWHA collective and class action were all employees of SBHLP, Inc. and/or Salvador Barajas and allegedly suffered the de facto wage deductions that are detailed in the Second Amended Complaint during their alleged joint employment by the Smith Farms Defendants and SBHLP in 2019. The claims of the named Plaintiffs and the proposed class members are also based on the same legal theories. Therefore, the named Plaintiffs have established that their claims under the FLSA and the NCWHA are "typical" of and 'similarly situated to" the claims of the class and FLSA collective action members they each seek to represent.

### 4. The Named Plaintiffs Are Adequate Representatives of the Combined FLSA Collective Action and NCWHA Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class' claims and (2) that legal counsel is qualified, experienced and generally able to conduct the litigation. *Rodger*, 160 F.R.D. at 539; s*ee also Haywood*, 109 F.R.D. at 578. Each of the named Plaintiffs meets these requirements with respect to the proposed FLSA/NCWHA Collective and Class Action and the NCWHA Class Action. Here, as in *Haywood*, the named Plaintiffs have a common interest with class members in

the litigation, possess a personal financial stake in the outcome, consulted regularly with Class Counsel. *See id.;* Declaration of Robert Willis in Support of Joint Motion for Preliminary Approval of Class Action Settlement ("Willis Decl.") [DE 96-3] at 2-3, 9, and 13 (¶¶4-8, 30-31, and 38-39). The named Plaintiffs each understood their obligation as class representative in the event that the Court certified this as a FLSA/NCWHA collective and class action and/or with respect to NCWHA claims. *See* [DE 96-3] at 9 (¶¶30-31).

In addition, under the arrangement between named Plaintiffs and their counsel, all expenses incident to class certification can be advanced to the named Plaintiffs by counsel for the Plaintiffs, with the named Plaintiffs remaining ultimately liable for such costs in the event that the Court rejects either the Settlement Agreement or Plaintiffs' request and motion that the expenses involved in providing notice to the class be paid for by the Defendants. [DE 96-3] at 2 (¶¶2-3); *see Haywood*, 109 F.R.D. at 580 (approving such a cost advance arrangement).

Lastly, Robert Willis, counsel for the named Plaintiffs, is an experienced attorney who has previously served as counsel in numerous class action lawsuits, including litigation involving identical claims to those asserted in the instant case. [DE 96-3] at 9-12 (¶¶32-37); *see also Covarrubias*. 2011 WL 2690531 at *7.

**C**. **The Combined FLSA/NCWHA Collective and Class Action Satisfies the Requirements of Rule 23(b)(3)**

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of dealing with the dispute. The factors used to make this determination are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the

particular forum; (D) the difficulties likely to be encountered in the management of a class action." Rule 23(b)(3), Fed. R. Civ. P. *See also Haywood*, 109 F.R.D. at 580-84, and 592-93.

The proposed Class satisfies the requirements of (b)(3) for the reasons already stated above in the memorandum of law submitted in support of the Motion, [DE 99], as to Rule 23(a). *See Rossini v. Ogilvy & Mather, Inc*., 798 F.2d 590 at 598 (2d Cir. 1986) (holding that satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality"). Based on the allegations in the Complaint, certification of the FLSA/NCHWA Collective and Class Action and the NCWHA Class is appropriate under Rule 23(b)(3). The legal and factual issues described in paragraphs ¶¶ 84-90, 79(a) – (c), and 79(e) of the Complaint predominate over any individual issues of law and fact for any class member.

Class treatment of the legal issues identified in this case would also be superior to other procedures for the handling of the claims in question for a number of reasons. No member of the FLSA/NCWHA Collective and Class Action has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. "Additionally, because of the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this litigation on an individual basis." *See Gaxiola*, 776 F. Supp. 2d at 131.

In addition, no other litigation concerning this matter and filed by any of the parties involved in the present action is currently pending. Plaintiffs and counsel for the Smith Farms Defendants are not aware of any other litigation pending against any of the Smith Farms Defendants besides this action. Furthermore, this Court has a substantial interest in the resolution of the issues raised in this litigation occurring in one forum.

## <u>CONCLUSION</u>

For the reasons set forth above, the parties' Joint Motion By Plaintiffs and O.J. Smith Farms Defendants for Combined Class Certification Under Rule 23(b)(3) and Collective Action Certification Under 29 U.S.C. § 216(b) is GRANTED.

This the 13th day of January, 2021.

_____
The Honorable Louise W. Flanagan
U.S. District Judge