UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:20-cv-00086-FL

| | |
|---|---|
| MARCOS BENITEZ GONZALEZ, ISAAC GONZALEZ HERNANDEZ, VICTORINO FELIX ANTONIO, JUAN JAVIER VARELA CUELLAR, RUBEN DOMINGUEZ ANTONIO, RIGOBERTO CARTERAS JARDON, JORGE BAUTISTA SABINO, EMMANUEL CRUZ RIVERA, CELSO GONZALEZ TREJO, ERIC JACINTO WENCES VASQUEZ, MARTIN NELSON WENCES VASQUEZ, PORFIRIO BAUTISTA CRUZ, ALEJANDRO DE LA CRUZ MEDINA, JOSE ESTEBAN HERNANDEZ CRUZ, SIXTO HERNANDEZ BUENO, VIRGINIO ANGELES GONZALEZ, TIBURCIO ANTONIO MANUEL, and HUMBERTO ANTONIO HERNANDEZ, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| O.J. SMITH FARMS, INC., BOSEMAN FARMS, INC., GREENLEAF NURSERY CO., SBHLP, INC., JOEL M. BOSEMAN, JEAN J. BOSEMAN, PEYTON G. MCDANIEL, SANDRA W. MCDANIEL, and SALVADOR BARAJAS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING FINAL APPROVAL OF GREENLEAF NURSERY CO.
CLASS ACTION SETTLEMENT**

This matter comes before the Court to consider final approval of the Joint Stipulation of Settlement and Release [DE 85-2] between Plaintiffs Victorino Felix Antonio, Tiburcio Antonio Manuel, and Humberto Antonio Hernandez (collectively "Plaintiffs") and Defendant Greenleaf Nursery Co. ("Defendant" or "Greenleaf") (Plaintiffs and Defendants are collectively referred to as the "Parties"). The Parties have jointly requested the Court to approve the Settlement Agreement [DE 85-2] and have mutually agreed to the entry of this Order granting final approval of the settlement.

Having reviewed the Parties' Joint Motion for Final Approval of Class Action Settlement With Greenleaf Nursery Co. [DE 116] and Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement with Greenleaf Nursery Co. [DE 117], the Declarations and papers filed in support of that Joint Motion, and the representation of counsel for the Parties at the final approval hearing held on March 1, 2021, including Counsel's representation that no objections to the Settlement with Greenleaf Nursery Co. have been received, the Court now FINDS, CONCLUDES, DECREES and ORDERS as follows:

(1) This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the certified classes.

(2) Neither the Settlement, nor the final approval order, nor the fact of a settlement, are an admission or concession by the Defendants of any liability or wrongdoing whatsoever.

(3) Counsel for the Plaintiffs has adequately represented the Plaintiff class members to date.

(4) The Court granted preliminary approval of the Settlement and approved class notice on December 16, 2020 [DE 92], and Plaintiffs' Counsel provided timely notice to the class on January 15, 2021. [DE 110]. Plaintiff class members have been provided proper and adequate notice of the terms of the Settlement Agreement, as well as the applicable dates and procedure by which to submit any objections. *Id.* and DE 94. No such objections to the terms of the Settlement Agreement, or the Settlement Agreement's final approval by this Court, have been received from any Plaintiff class member.

(5) The terms of the Settlement set forth in the parties' Settlement Agreement. [DE 85-2] and in the parties' Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement with Greenleaf Nursery [DE 117] are hereby approved. After holding a fairness hearing on March 1, 2021, the Court finds that the Settlement Agreement is fair and adequate, and a reasonable and equitable compromise of the claims in this case; that the Settlement is the result of extensive, arms-length bargaining between the parties, after Plaintiffs' Counsel had investigated the class claims and became familiar with the strengths and weaknesses of the case; that the class representatives have adequately represented the classes; that the Settlement is in the best interest of the named Plaintiffs and of the classes they have been certified to represent; and that the Settlement falls within the range of reasonableness and of final approval.

(6) Defendant Greenleaf and its Third Party Administrator (as defined in ¶1.24 of the Settlement Agreement [DE 85-2 at 5] shall comply with the terms of ¶¶1.22 and 3.1 of the Joint Stipulation of Settlement and Release [DE 85-2 at 4 and 9-10]. Specifically, within thirty (30) days of the date of this Order, defendant Greenleaf and/or its Third Party Administrator shall pay the total amount of $3,000 to the three (3) moving Plaintiffs Victorino Felix Antonio, Tiburcio Antonio Manuel, and Humberto Antonio Hernandez to be allocated as follows:

(a) A total of $2,000.00 to plaintiff Victorino Felix Antonio, of which $1,000.00 is compensation, and $1,000.00 is payment recognized and approved as an incentive payment to that same plaintiff to compensate him in part for the broad scope of the Release in ¶¶3.6(A)-(B)[DE 85-2 at 13-14] of the Settlement Agreement, and to compensate him at least in part for some part of the actual and liquidated damages that he alleged in the Second Amended Complaint. [DE 85-2 at 12-13, ¶3.3].

(b) A total of $700.00 to plaintiff Humberto Antonio Hernandez, of which $350.00 is compensation, and $350.00 is payment recognized and approved as an incentive payment to that same plaintiff to compensate him in part for the broad scope of the Release in ¶¶3.6(A)-(B) [DE 85-2 at 13-14] of the Settlement Agreement, and to compensate him at least in part for some part of the actual and liquidated damages that he alleged in the Second Amended Complaint. [DE 85-2 at 12-13, ¶3.3].

(c) A total of $300.00 to plaintiff Tiburcio Antonio Manuel, of which $150.00 is compensation, and $150.00 is payment recognized and approved as an incentive payment to that same plaintiff to compensate him in part for the broad scope of the Release in ¶¶3.6(A)-(B) [DE 85-2 at 13-14] of the Settlement Agreement, and to compensate him at least in part for some part of the actual and liquidated damages that he alleged in the Second Amended Complaint [DE 85-2 at 12-13, ¶3.3] in light of the very brief time period (less than one full week total) this plaintiff was employed by Greenleaf in 2018 and 2019.

(7) Further, pursuant to ¶3.1(A) of the Settlement Agreement [DE 85-2 at 10], within 30 days of the date of this Order, defendant Greenleaf shall deposit with its Third Party Administrator JND (as defined in ¶1.24 of the Settlement Agreement [DE 85-2 at 5]) the sum of the total amount described in ¶(6) above of this Order and the total amount ($300.00 multiplied by the total number of H-2A workers (149) furnished to Greenleaf by defendant SBHLP, Inc. and/or Salvador Barajas in 2018 and/or 2019) as required by the terms of ¶¶1.22, 3.1(A), and 3.4(B) of the Settlement Agreement [DE 85-2 at 4, 9-10, and 12-13] to enable JND to establish and administer a qualified settlement account to:

(a) Issue Settlement Checks to the three (3) Plaintiffs in the amounts and as required by ¶(6) of this Order within 30 days of the date on which JND receives the funds from Greenleaf that are described in paragraph, and

(b) Issue Settlement Checks in the amount of Three Hundred and 00/100 Dollars ($300.00) to each Participating Member (as defined in ¶1.12 of the

Settlement Agreement [DE 85-2 at 4] within 30 days of the date on which the defendant Greenleaf receives a valid and timely claim by such Participating Member less the amounts described in ¶3.1(B)(1)-(2) of the Settlement Agreement [DE 85-2 at 10].

(c) Pursuant to ¶3.4(C) of the Settlement Agreement [DE 85-2 at 13], Participating Members shall have ninety (90) days after the date each Settlement Check is issued to redeem their Settlement Checks. If not redeemed within that time period, JND shall place a stop-payment on the unclaimed Settlement Checks and the amounts associated with them shall be donated by check issued by JND from the qualified settlement fund to the Farm Labor Research Project, Inc. d/b/a Campaign for Migrant Worker Justice, a Section 501(c)(3) entity within 30 days of the date on which the stop-payment request becomes effective.

(d) Pursuant to ¶3.4(D) of the Settlement Agreement [DE 85-2 at 13], any part of the Settlement Fund (as defined in ¶1.22 of the Settlement Agreement [DE 85-2 at 5]) that is created by defendant Greenleaf through its payment(s) to JND which is not the subject of a valid and timely claim by any member of the classes certified by this Court in its Order of December 16, 2020 [DE 93] shall be donated by check issued by JND from the qualified settlement fund to the Farm Labor Research Project, Inc. d/b/a Campaign for Migrant Worker Justice, a Section 501(c)(3) entity, no later than 30 days after the expiration of the 60-day claims period provided by ¶2.3(C) of the Settlement Agreement (DE 85-2 at 8) which period started on January 15, 2021.

(8) Pursuant to ¶¶3.2(A)-(C) of the Settlement Agreement [DE 85-2 at 11-12] and the information contained the records in support of the application for an award of reasonable attorney's fees to Plaintiffs' Counsel pursuant to 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(d), the Court approves and awards reasonable attorney's fees in the amount of $20,000.00. Defendant Greenleaf shall pay that amount to Plaintiffs' Counsel within 30 days of the date of this Order.

(9) In addition to the award of attorney's fees specified in ¶(8) above of this Order and pursuant to ¶2.1 of the Settlement Agreement [DE 85-2 at 11-12] and the information contained the records in support of the application for an award of costs to Plaintiffs' Counsel pursuant to 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(d), the Court approves and awards costs in the additional amount of $6,921.96. Defendant Greenleaf shall pay that additional amount to Plaintiffs' Counsel within 30 days of the date of this Order.

(10) Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Court shall retain jurisdiction to enforce the terms of Settlement Agreement and General Release [DE 83-1] through the first business date falling at least 180 days after the date of this Order. On the

expiration of that that date, this action is automatically dismissed with prejudice against defendant Greenleaf Nursery Co.

SO ORDERED.

This the 1st day of March, 2021.

_____
The Honorable Louise W. Flanagan
U.S. District Judge